1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM ANTHONY BOND,                    Case No.  2:24-cv-1598-JDP (P)

12                    Petitioner,

13          v.                                ORDER

14   SACRAMENTO COUNTY,

15                    Respondent.

16

17

18          Petitioner, an inmate at the Rio Consumnes Correctional Center, brings this action under

19   section 2254.  ECF No. 1.  He raises two sets of claims.  The first relate to the validity of a plea

20   deal he entered.  Petitioner claims that he would not have entered the deal but for

21   misrepresentations made by his attorney.  *Id.* at 3-6.  He does not allege that he has exhausted

22   these claims regarding the validity of his plea by presenting them to the California Supreme

23   Court, however.  He also alleges that the terms of his probation were unreasonable.  *Id.* at 6-8.

24   These allegations sound in state law and do not raise a federal claim.  I will dismiss the current

25   petition with leave to amend so that petitioner may address these deficiencies.

26          The petition is before me for preliminary review under Rule 4 of the Rules Governing

27   Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine

28

1

1  the habeas petition and order a response to the petition unless it "plainly appears" that the

2  petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019);

3  *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

4        Petitioner claims that his plea deal was invalid because he entered it based on

5  misrepresentations made by his counsel. ECF No. 1 at 3. Federal habeas claims must be

6  exhausted by presentation to the highest state court. *See* 28 U.S.C. § 2254(b), (c); *McNeeley v.*

7  *Arave*, 842 F.2d 230, 231 (9th Cir. 1988). Here, petitioner does not indicate that he has presented

8  the claims regarding the validity of his plea to the California Supreme Court. He claims that he

9  has fully exhausted his claims, but his form also indicates that he did not appeal his conviction,

10  nor did he file any separate state habeas petitions attacking it. ECF No. 1 at 14.

11        Additionally, petitioner's claims regarding the terms of his parole, *id.* at 6-8, do not raise a

12  federal claim. *See Sethi v. L.A. Cty. Sheriffs*, NO. CV 19-4710-AG(E), 2019 U.S. Dist. LEXIS

13  163588, *10 (C.D. Cal. Jun. 5, 2019) ("Matters relating to sentencing and serving of a sentence

14  generally are governed by state law and do not raise a federal constitutional question.").

15        I will dismiss the current petition with leave to amend. Petitioner may file an amended

16  petition within thirty days explaining why these claims should proceed despite these deficiencies.

17        Accordingly, it is hereby ORDERED that:

18        1. Petitioner's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

19        2. The petition, ECF No. 1, is dismissed with leave to amend.

20        3. Within thirty days from service of this order, plaintiff shall file either (1) an amended

21  petition or (2) notice of voluntary dismissal of this action without prejudice.

22        4. Failure to timely file either an amended petition or notice of voluntary dismissal may

23  result in the imposition of sanctions, including a recommendation that this action be dismissed.

24        5. The Clerk of Court shall send petitioner a habeas form with this order.

25

26

27

28

IT IS SO ORDERED.

Dated:   November 13, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE