UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ANTHONY BOND,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>SACRAMENTO COUNTY,<br><br>　　　　Respondent. | No. 2:24-cv-01598-DAD-JDP (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THIS ACTION<br><br>(Doc. No. 8) |

　　　　Petitioner William Anthony Bond is a current or former inmate at Rio Consumnes Correctional Center appearing *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On March 24, 2025, the assigned magistrate judge issued findings and recommendations recommending that this action be dismissed, without prejudice, due to plaintiff's failure to comply with court orders and failure to prosecute this action. (Doc. No. 8.) Specifically, plaintiff has failed to comply with the court's order dated November 14, 2024, in which plaintiff was ordered to file an amended petition by no later than December 16, 2024. (Doc. No. 6.) On February 12, 2025, the magistrate judge issued an order to show cause why this federal habeas

/////

1

1 action should not be dismissed for failure to comply with a court order and failure to prosecute.
2 (Doc. No. 7.)

3 The pending findings and recommendations were served on plaintiff and contained notice
4 that any objections thereto were to be filed within fourteen (14) days after service. (Doc. No. 8 at
5 3.) To date, no objections have been filed, and the time in which to do so has passed. Indeed,
6 petitioner has not communicated with the court in any way since July 17, 2024, shortly after filing
7 his original petition. (*See* Doc. No. 5.)[1]

8 In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
9 *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the
10 findings and recommendations are supported by the record and by proper analysis.

11 Having concluded that the pending petition must be dismissed, the court also declines to
12 issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute
13 right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v.*
14 *Cockrell*, 537 U.S. 322, 335–36 (2003). If a court denies a petitioner's petition, the court may
15 only issue a certificate of appealability when a petitioner makes a substantial showing of the
16 denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the court denies habeas
17 relief on procedural grounds without reaching the underlying constitutional claims, the court
18 should issue a certificate of appealability "if jurists of reason would find it debatable whether the
19 petition states a valid claim of the denial of a constitutional right and that jurists of reason would
20 find it debatable whether the district court was correct in its procedural ruling." *Slack v.*
21 *McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists

---

[1] The service copy of the pending findings and recommendations was served by mail on petitioner at his address of record but was returned to the court as "Undeliverable, Not deliverable as addressed, unable to forward." Petitioner was therefore required to file a notice of his change of address with the court by no later than May 19, 2025. As noted above, petitioner has not filed a notice of his change of address or otherwise communicated with the court to date. Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective, and it is petitioner's responsibility to keep the court apprised of his current address at all times. The court further notes that petitioner stated in his petition that his expected release date was February 22, 2025. (*See* Doc. No. 1 at 2, 8.) A search for petitioner in the Sacramento County Sheriff's Office Inmate Information database did not yield any results.

would not find the court's determination that the pending petition must be dismissed to be debatable or wrong. Thus, the court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on March 24, 2025 (Doc. No. 8) are ADOPTED in full;

2. The petition for writ of habeas corpus (Doc. No. 1) is dismissed, without prejudice, due to petitioner's failure to comply with court orders and failure to prosecute this action;

3. The Court declines to issue a certificate of appealability; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __July 1, 2025__                    /s/ Dale A. Drozd
                                                DALE A. DROZD
                                                UNITED STATES DISTRICT JUDGE